UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LITTLE FOOTE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 15-cv-04465-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Docket Nos. 26 |

Plaintiff Donna Foote filed the instant foreclosure-related action against Wells Fargo Bank, N.A. ("Wells Fargo," or "Defendant") and NBS Default Services, LLC. As of the date of this Order, no foreclosure has taken place. Currently pending before the Court is Wells Fargo's motion to dismiss the First Amended Complaint for failure to state a claim for relief. *See* Docket No. 26. A hearing on this motion was held on April 21, 2016. For the reasons stated herein, the Court grants Wells Fargo's motion and dismisses Plaintiff's claims.

## I.  BACKGROUND

A.  Procedural Background

The instant Motion is to dismiss Plaintiff's second attempt to state a claim ("FAC"). Plaintiff's first complaint ("First Complaint") was filed in San Mateo County Superior Court on August 25, 2015. Wells Fargo removed the First Complaint to this Court on September 28, 2015, Docket No. 1, and subsequently moved to dismiss the First Complaint, Docket No. 12.

The Court granted in part and denied in part Wells Fargo's motion to dismiss. Docket No. 22 ("Order"). Plaintiff amended her complaint, and Wells Fargo filed the instant motion to dismiss. *See* Docket No. 26 ("Motion"). At the hearing, the Court asked to be kept updated on the loan modification and foreclosure processes, so that it might determine appropriate relief. Wells

1  Fargo filed the first update on this process on April 29, 2016.  *See* Docket No. 41 ("Update").

2  B.     Factual Background[1]

3  Plaintiff took out a mortgage on El Granada in September 2007 ("Loan").  ¶ 36.[2]  At some
4  point after taking out the Loan, Plaintiff's husband passed away and she was no longer able to
5  make payments.  ¶ 39.  The FAC does not say exactly when Plaintiff found herself unable to make
6  payments.  Presumably it was between September 2007, when she took out the Loan, and
7  November 2008, when she defaulted on the Loan, *see* Ex. H at 1.  Plaintiff submitted at least one
8  application for a loan modification from Wells Fargo sometime after her default.  ¶¶ 40-43.  The
9  date of this first application is not specified in the FAC, nor is it entirely clear what happened to
10 this, or any subsequent, applications.  *See id*.  The FAC implies that the first application was filed
11 sometime after default and sometime before Plaintiff filed the First Complaint, *see* ¶¶ 39-44, but
12 this is a nearly seven-year span.

13 On June 25, 2015, Wells Fargo filed a Notice of Foreclosure on El Granada.  ¶ 44.
14 Sometime after this Notice, Plaintiff filed another application for loan modification ("2015
15 Application").  ¶¶ 49, 90.  In November of 2015, Plaintiff and Wells Fargo corresponded about the
16 status of the 2015 Application, and additional documents that Wells Fargo needed so it might
17 consider Plaintiff's application.  ¶¶ 51-52; Pl.'s Ex. B.  On November 24, 2015, Wells Fargo
18 executed a Notice of Trustee's Sale for El Granada.  ¶ 53; Pl.'s Ex. C.

19 Subsequent to the filing of the First Complaint, Wells Fargo completed evaluating
20 Plaintiff's 2015 Application.  *See* Update Ex. 1 at 2.  Wells Fargo determined that Plaintiff was
21 not eligible for a loan modification.  *Id*.  It notified Plaintiff of this decision on April 25, 2016, and

---

[1] The facts herein come from the Complaint and from exhibits submitted by Wells Fargo with its Motion.  Wells Fargo asked the Court to take judicial notice of eleven documents.  *See* Docket No. 27.  Judicial notice of Exhibits A-E is proper because they are the records of an administrative body.  *See Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 792 (N.D. Cal. 2015).  Judicial notice of Exhibits F-H is proper because they are incorporated by reference into the FAC.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Judicial notice of Exhibits I-K is proper because they are court filings.  *See Bonnel v. Best Buy Stores, L.P.*, 881 F. Supp. 2d 1164, 1168 (N.D. Cal. 2012).  The Court takes judicial notice of the existence of these documents.  In addition, the Court refers to documents included in Wells Fargo's Update for the purposes of evaluating whether Plaintiff's claims are moot.

[2] Unless otherwise noted, references to "¶ __" refer to the FAC.

2

1  advised her of her right to appeal this decision as well as of other financial steps Plaintiff might
2  take. *Id*. at 2-4.
3        Plaintiff claims El Granada is her current principal residence, and was "at all times relevant
4  herein." ¶¶ 1, 9, 37.  However, Plaintiff appears to have lived in Connecticut for part of the Loan.
5  The 2007 Deed of Trust shows Plaintiff was in Connecticut when entering into the Loan. *See* Ex.
6  F at 29, 25.  It also suggests El Granada was not Plaintiff's principal residence in 2007, because
7  she left blank the form which would have asserted principal residency. *Id*.  In September 2009,
8  Plaintiff told a Connecticut bankruptcy court that she resided at 18 Kings Lane, Essex,
9  Connecticut. *See* Ex. J at 74, 72, 73.  Plaintiff's bankruptcy action concluded in August 2012, and
10 the docket has entries as late as April 2014. *See* Ex. I at 42, 71.  However, the docket shows no
11 address changes for Plaintiff. *See id*.  While Plaintiff may simply have neglected to update the
12 bankruptcy court following a move, this suggests she lived in Connecticut at least from September
13 2009 to August 2012.

### C.    Statutory Background

15       California passed the Homeowner Bill of Rights ("HBOR") in 2012, following "a wave of
16 residential property foreclosures." S.B. 900, Ch. 87(1)(a), 2011-2012 Reg. Sess. (Cal. 2012) ("SB
17 900"). HBOR's purpose is "to mitigate the negative effects . . . that are the result of continued
18 foreclosures by modifying the foreclosure process to ensure that borrowers who may qualify for a
19 foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available
20 loss mitigation options." *Id*. at (1)(b).  HBOR therefore requires certain procedures before
21 mortgage servicers foreclose on a home. *See id*.
22       Plaintiff claims that Wells Fargo violated multiple HBOR provisions. *See* FAC at 1
23 (claiming for violations of Cal. Civ. Code § 2923.7, 2923.55, 2923.6, and 2924.9).
24       California Civil Code Section 2923.7 ("§ 2923.7") provides in relevant part that, "[u]pon
25 request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer
26 shall promptly establish a single point of contact and provide to the borrower one or more direct
27 means of communication with the single point of contact." § 2923.7(a).  A "[s]ingle point of
28 contact" is "an individual or team of personnel each of whom has the ability and authority to

3

perform the responsibilities described in subdivisions (b) to (d) inclusive." § 2923.7(e).

Plaintiff alleges Wells Fargo violated § 2923.7 because she asked for a single point of contact "several times," but was not provided with one. ¶ 68.

California Civil Code Section 2923.55 ("§ 2923.55") provides in relevant part that "[a] mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." § 2923.55(b)(2). "During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days." *Id.* In the same call, "the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency." *Id.* Mortgage servicers "may not record a notice of default . . . until," *inter alia*, "30 days after initial contact is made as required by paragraph (2) of subdivision (b) . . . ." § 2923.55(a)(2).

Plaintiff claims Wells Fargo violated Section 2923.55 by failing to tell her of her right to request a subsequent meeting, and by not "provid[ing] Plaintiff with the toll-free telephone number . . . to find a HUD-certified housing counseling agency." ¶ 80.

California Civil Code Section 2923.6 ("§ 2923.6") provides, in relevant part,

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

§ 2923.6(c).

Plaintiff claims she "has not been fairly evaluated for a loan modification and there has been a material change in Plaintiff's financial circumstances." ¶ 90. She states her "husband passed away and [she] is now receiving mineral payments which is an increase in her gross household income since her last application." *Id*.

4

California Civil Code Section 2924.9 ("§ 2924.9") provides in relevant part that,

> [u]nless a borrower has previously exhausted the first lien loan modification process . . . described in Section 2923.6, within five business days after recording a notice of default . . . [,] a mortgage servicer that offers one or more foreclosure prevention alternatives shall send a written communication to the borrower . . . .

§ 2924.9(a). This communication shall state "[t]hat the borrower may be evaluated for a foreclosure prevention alternative," "[w]hether an application is required to be submitted by the borrower," and how to obtain any required application. *Id.*

Plaintiff alleges that she had not exhausted the first lien loan modification process described in Section 2923.6, and that "[a]t no point after" recordation of the notice of default was she provided with the information required by Section 2924.9. ¶ 102-03.

## II.   ANALYSIS

A.   Legal Standard

   1.   Motion to Dismiss for Failure to State a Claim

Wells Fargo moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff had failed to state a claim. Notice of Mot. at 2. In evaluating a motion to dismiss for failure to state a claim, the Court should "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Doan v. Singh*, 617 F. App'x 684, 685 (9th Cir. 2015). However, Plaintiff "must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *De Los Angeles Gomez v. Bank of Am., N.A.*, No. 14-55129, 2016 WL 807367, at *1 (9th Cir. Mar. 2, 2016) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

   2.   Dismissal for Lack of Subject Matter Jurisdiction

Wells Fargo's main argument with regard to the alleged HBOR violations was that Plaintiff had failed to plead facts showing the alleged violations were material. Mot. at 4-6.

5

HBOR allows a borrower to recover economic damages for a violation, or to sue to enjoin a violation. Cal. Civ. Code § 2924.12 (a), (b) ("§ 2924.12"). However, both forms of relief are available only where there has been a *material* violation of the statute. *See id*. at (a) ("a borrower may bring an action . . . to enjoin a material violation"), (b) (a borrower may recover "actual economic damages . . . resulting from a material violation"). For Plaintiff's action to survive, then, she must allege an HBOR violation that is "material." *See Asturias v. Nationstar Mortg. LLC*, No. 15-CV-03861-RS, 2016 WL 1610963, at *5 (N.D. Cal. Apr. 22, 2016) ("Violations of HBOR are actionable only if they are 'material.'").

Here, Plaintiff asks the Court for "an order enjoining [Wells Fargo] from proceeding with foreclosure unless and until Wells Fargo has corrected and remedied the material violations of" HBOR. ¶¶ 74, 84, 105. Plaintiff also says that she "seek[s] an assessment of [her] financial situation and consideration for financial alternatives." ¶ 83. Plaintiff therefore seems to ask the Court to order Wells Fargo not to proceed with foreclosure, and to order Wells Fargo to perform its obligations under HBOR.

In its brief, Wells Fargo argued that a plaintiff can only show a material violation of HBOR when that violation somehow prejudiced the borrower. Mot. at 4-5. It argued that "the FAC does not plead facts showing that Plaintiff was harmed by" the alleged HBOR violations, because Plaintiff has been able to submit a loan modification application. *Id*. at 5-6 (citing ¶ 52). At the hearing on the motion, Wells Fargo expanded its argument, stating that because Plaintiff was able to submit a loan modification application, there is nothing to remedy. Wells Fargo also argued that it has already complied with HBOR's requirements, and the Court cannot order it to "re-comply."

The Supreme Court has explained that a case is moot "when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated" and "it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *see also Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) (holding claim was moot because the court could not enjoin what had already occurred). If a claim is moot, the court lacks jurisdiction over that claim. *Id*.

6

1   Because Wells Fargo seems to argue[3] that the Court cannot grant any effective injunctive relief to Plaintiff, at least to the extent that Plaintiff asks the Court to order Wells Fargo to perform specific tasks, the Court considers whether Plaintiff's claims for injunctive relief are moot.

The Court may look beyond the pleadings for the purposes of analyzing subject matter jurisdiction. *See* Fed. R. Civ. P. 12(d) (only 12(b)(6) and 12(c) motions are converted to motions for summary judgment if matters outside the pleadings are considered); *Ocean Marine Ins. Co. v. Wickland Corp.*, No. C94-2384 MHP, 1995 WL 125478, at *2 (N.D. Cal. Mar. 8, 1995) (when evaluating its subject matter jurisdiction, "the court may consider matters outside the pleadings, but must accept as true all material allegations of the complaint").

B.   The Motion to Dismiss is Granted With Prejudice as to Plaintiff's Claims for Injunctive Relief

Plaintiff seeks injunctive relief for Wells Fargo's alleged violations of Sections 2923.7, 2923.55, and 2924.9. ¶¶ 74-75, 84, 105.[4]  She asks the Court to "enjoin Defendants from proceeding with the foreclosure unless and until Wells Fargo has corrected and remedied the material violations." ¶ 74 (as to § 2923.7); ¶ 84 (as to § 2923.55); ¶ 105 (as to § 2924.9). Injunctive relief is not available for any of these alleged violations.

Section 2923.55 requires a mortgage servicer to contact a borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." § 2923.55(b)(2). Wells Fargo argues persuasively that the purpose of this contact is to appraise the borrower of her loan modification options. Mot. at 6; *see also Fink v. Wells Fargo Bank, N.A.*, No. 15-CV-0001-YGR, 2015 WL 2438120, at *4 (N.D. Cal. May 21, 2015) ("Plaintiffs contacted Wells Fargo and submitted multiple applications for loan modification after the recordation of the notice of default, fulfilling the purposes of section 2923.55(f).").

---

[3] Though Wells Fargo did not move to dismiss for mootness, a court "must raise issues concerning [its] subject matter jurisdiction sua sponte." *Id*.

[4] Plaintiff did not request injunctive relief for the alleged violation of Section 2923.6 or for her negligence claim. ¶¶ 85-99; FAC at 30 ¶ 9. She seeks injunctive relief for the alleged violation of California Business & Professions Code § 17200 ("UCL"). ¶¶ 121-22. This claim is addressed *infra* at B.4.

7

1    The remedies available for a violation of HBOR are set forth in a separate part of the
2 statute, Section 2924.12.  That section permits a borrower to "bring an action for injunctive relief
3 to enjoin a material violation," and "any trustee's sale shall be enjoined until the court determines
4 that the mortgage servicer . . . has corrected and remedied the violation."  § 2924.12(a)(1), (2).
5 Thus, Plaintiff may only obtain injunctive relief if (1) Wells Fargo violated the statute, (2) that
6 violation was material, and (3) the violation has not been corrected.  § 2924.12(a)(1) (allowing a
7 borrower to bring an action to enjoin only "material violation[s]"); (a)(2) (injunctions remain in
8 place "until the court determines that the mortgage servicer . . . has corrected and remedied the
9 violation").  A violation is material where it "deprive[s]" the plaintiff "of the *opportunity* to obtain
10 a loan modification." *Boone v. Specialized Loan Servicing LLC*, No. 15-CV-02224-DMR, 2015
11 WL 4572429, at *4 (N.D. Cal. July 29, 2015) (emphasis added); *accord* Cal. Civ. Code §
12 2923.4(a) ("§ 2923.4") ("The purpose of the act that added this section is to ensure that, . . .
13 borrowers are considered for, and have a meaningful opportunity to obtain, available loss
14 mitigation options . . . .").[5]  However, HBOR guarantees only the opportunity; it does not
15 guarantee that a borrower will receive a loan modification.  *See* § 2923.4(a) ("Nothing in the act
16 that added this section, . . . , shall be interpreted to require a particular result . . . ."); *accord*
17 *Lawrence v. Wells Fargo Bank, N.A.*, No. C 14-1272 PJH, 2014 WL 2705425, at *9 (N.D. Cal.
18 June 13, 2014) (noting that absent some agreement to modify a loan, a defendant is not obligated
19 to provide one).
20    The FAC shows that Plaintiff is well aware of her loan modification options, having
21 pursued at least two loan modification applications.  ¶¶ 49, 90 (referring to Plaintiff's "last
22 application"); FAC at 29 ¶ 4 (stating Plaintiff had applications "in process in 2013, 2014, and
23 2015").  Plaintiff has also actively communicated with Wells Fargo about these applications.  ¶¶
24 51-52 (referring to communications between Plaintiff and Wells Fargo in November of 2015),

---

[5] *See also Segura v. Wells Fargo Bank, N.A.,* No. 14–04195, 2014 WL 4798890, at *7 (C.D. Cal. Sept. 26, 2014) (same); *Salazar v. U.S. Bank Nat'l Ass'n,* No. ED CV 14–514–GHK (DTBx), 2015 WL 1542908, at *7 (C.D. Cal. April 6, 2015) (same); *Gonzales v. Citimortgage, Inc*, No. C-14-4059 EMC, 2015 WL 3505533, at *6 (N.D. Cal. June 3, 2015). (noting that the plaintiff wanted "to preserve prospectively its procedural right—the *opportunity* to obtain a loan modification").

8

Pl.'s Ex. B (attaching correspondence from Wells Fargo seeking additional loan documents necessary to consider Plaintiff's application). Plaintiff has thus not been deprived of the opportunity to obtain loss mitigation as a result of any violation of Section 2923.55.

Because Plaintiff was not deprived of the opportunity to apply for loan modification, any violation of Section 2923.55 was not material. *See Tuan Anh Le v. Bank of N.Y. Mellon*, No. 14-CV-01949-KAW, 2015 WL 9319487, at *11 (N.D. Cal. Dec. 23, 2015) (holding that, even if the mortgage servicer had violated HBOR, "Plaintiff's claim is moot, because the subsequent review of Plaintiff's loan modification application afforded him the injunctive relief otherwise available for a material violation of HBOR."). Because Wells Fargo did not materially violate HBOR, Plaintiff has not stated a claim for injunctive relief for violation of Section 2923.55.

In the alternative, Wells Fargo has shown that any claim for violation of Section 2923.55 is moot. Plaintiff asks the Court to order Wells Fargo to "correct and remedy" its violation. Section 2923.55 sets forth the requirements for "initial contact." § 2923.55(a)(2). But Wells Fargo has evaluated Plaintiff for a loan modification, and has had extensive contact with Plaintiff and her representatives during that process. *See* Update Exs. 1-2. The Court cannot order Wells Fargo to make "initial contact" with Plaintiff where it has already had repeated contact. *See Fink*, 2015 WL 2438120, at *4 (plaintiff failed to state a claim for violation of § 2923.55, because plaintiff had submitted loan modification applications and injunctive relief was pointless); *Bernhardt*, 279 F.3d at 871 ("Where the activities sought to be enjoined already have occurred . . . the action is moot . . . ."). To the extent Plaintiff asks the Court to order Wells Fargo to perform a task which it has already accomplished, Plaintiff's claim is moot.[6]

Accordingly, this claim is dismissed with prejudice to the extent Plaintiff seeks injunctive

---

[6] The Court recognizes that there is an exception to the mootness doctrine where "the defendant's allegedly unlawful activity is 'capable of repetition, yet evading review.'" *Friends of the Earth, Inc. v. Laidlaw Envl. Svs.*, 528 U.S. 167, 190 (2000). Here, Wells Fargo's alleged wrong is not capable of repetition. Plaintiff alleges that Wells Fargo failed to make the *initial* required contact with her. But Wells Fargo has since been in communication with Plaintiff, *see* ¶¶ 51-52; *see also* Update, and so cannot again fail to make *initial* contact. While it is possible Wells Fargo may cease communicating with Plaintiff, Section 2923.55 does not require ongoing communications; it requires a first contact. Any order the Court gave on this issue, such as telling Wells Fargo it should have contacted Plaintiff earlier, would be merely advisory.

relief.

Section 2924.9 states that, "[u]nless a borrower has previously exhausted the first lien loan modification process." a mortgage servicer shall send a written communication to the borrower within five days of recording a notice of default. § 2924.9(a). This communication must inform the borrower that she may be evaluated for a foreclosure prevention alternative, whether an application is required, and how she may obtain an application. *Id.* As explained above, Plaintiff has already submitted at least two loan modification applications. This shows Plaintiff is well aware that foreclosure prevention alternatives are available and that applications are required. She is also aware of how to obtain and submit an application. Thus, there is no material violation of Section 2924.9. The claim is also moot; as above, the Court cannot order Wells Fargo to make Plaintiff informed of information that she already knows. This claim is also dismissed with prejudice.

Section 2923.7 requires a mortgage servicer to assign a borrower a single point of contact ("SPOC"). § 2923.7(a). The SPOC can be an individual or a team of individuals, and is assigned to the borrower's account until she becomes current or until her loss mitigation options are exhausted. § 2923.7(e), (c). The purpose of this statute is to "prevent[] borrowers from being given the run around." *Nasseri v. Wells Fargo Bank, N.A.*, No. C 15-04001 WHA, 2015 WL 7429447, at *5 (N.D. Cal. Nov. 23, 2015) (holding plaintiff stated a claim where the SPOC gave her misleading information).

As above, Plaintiff has not "be[en] given the run around"; she has been able to pursue at least two loan modification applications. Again, there is no material violation of Section 2923.7. Moreover, Plaintiff has already been assigned and has communicated with an SPOC since October 2015. *See generally* Update Exs. 1-2. The Court cannot order Wells Fargo to do something it has already done; injunctive relief is moot. *See Tuan Anh Le*, 2015 WL 9319487, at *11 (holding Section 2923.7 claim was mooted by the review of plaintiff's loan modification application). This claim is also dismissed with prejudice.

HBOR is intended to give borrowers "a meaningful opportunity to obtain, available loss mitigation options." § 2923.4(a). Because Plaintiff has been able to pursue at least two loan

United States District Court
For the Northern District of California

modifications, she has not been materially denied the rights afforded by HBOR. Nor can the Court grant her any relief beyond what she has already received. Accordingly, to the extent Plaintiff seeks injunctive relief for Wells Fargo's alleged HBOR violations, her claims are dismissed with prejudice.

C. <u>The Motion to Dismiss is Granted With Leave to Amend, as to All Plaintiff's Claims for Damages</u>

Plaintiff seeks damages as to all her claims. FAC at 30 ¶¶ 1-2. Whether a plaintiff may be awarded an injunction or damages depends on whether a sale of the property has occurred. "If a trustee's deed upon sale has not been recorded," then a plaintiff may get an injunction. 2924.12(a)(1). "After a trustee's deed upon sale has been recorded," monetary relief is available. § 2924.12(b). Thus, prior to sale, damages are not available under HBOR. *Id*. Based on the FAC and Defendant's update to this Court, damages are not currently available.

According to the FAC, a trustee's sale was scheduled for April 1. ¶ 55. Because Plaintiff failed to allege a trustee's sale had occurred, her allegations are insufficient to state a claim for monetary relief. Moreover, the Court asked at the hearing whether a trustee's sale had occurred. Wells Fargo explained, and Plaintiff did not contest, that no trustee's sale has yet occurred.

Because no trustee's sale has occurred, Plaintiff has not stated a claim for damages as to the alleged HBOR violations. § 2924.12(b), (c). Her request for damages "must be stricken" as to her HBOR claims. *Gonzales v. Citimortgage, Inc*, No. C-14-4059 EMC, 2015 WL 3505533, at *2 (N.D. Cal. June 3, 2015). However, this is without prejudice and Plaintiff may amend to state a claim for damages should a foreclosure occur. *Id*.

Plaintiff's negligence claim also fails for lack of damages. To state a claim, Plaintiff must plead "(1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages." *Greene v. Wells Fargo Bank, N.A.*, No. C 15-00048 JSW, 2015 WL 2159460, at *4 (N.D. Cal. May 7, 2015). The only injuries Plaintiff claims to have suffered as a result of Wells Fargo's alleged negligence are being "deprived . . . of the possibility of obtaining loss mitigation assistance," the "preclu[sion of] the loan modification application from being timely processed," and "fac[ing] imminent foreclosure."

11

FAC at 29 ¶¶ 6-7. But as explained *supra* II.B, Plaintiff has not been deprived of the opportunity to obtain a loan modification; she has pursued a loan modification application with Wells Fargo. ¶¶ 49, 90. The Court asked Plaintiff's counsel at the hearing whether Plaintiff had sustained any injuries; Plaintiff's counsel confirmed that the only injury Plaintiff had suffered was the alleged deprivation of process. Because that process has been provided, she has no claim for damages and cannot plead a claim for negligence. *Greene*, 2015 WL 2159460, at *5 (dismissing where plaintiff was not yet injured).

Because Plaintiff has no claim for monetary damages unless and until a trustee's sale has occurred, her claims are dismissed with leave to amend to the extent they seek monetary relief.[7]

### D. The Motion to Dismiss is Granted as to Plaintiff's Claim for Violation of California Business and Professions Code Section 17200

Plaintiff's claim for an alleged violation of California Business and Professions Code Section 17200 ("UCL") is largely derivative of her HBOR claims, *see* ¶¶ 110(a)-(g), (j), (l), and her negligence claim, ¶ 110(h). Because Plaintiff's HBOR and negligence claims fail for the reasons stated above, her UCL claim fails to the extent it is based on these claims.

### E. Plaintiff's Residence

Plaintiff claims El Granada is her principal residence "at all times relevant herein." ¶¶ 1, 9, 37. But Plaintiff does not state which "times" she considers "relevant." Was El Granada her principal residence when she took out the loan? When she filed her first loan modification application? When she received the Notice of Default?

In the first round of briefing, Wells Fargo argued that the principal residency requirement looks to where a borrower lived at the time she took out her loan. However, Wells Fargo's cases did not deal with HBOR and did not involve home loan modifications at all.[8] Courts in this

---

[7] The Court notes that damages are available only "where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale." § 2924.12(b). As discussed herein, Wells Fargo's Update suggests that all violations have been corrected, though no trustee's sale has yet been recorded. *See generally* Update. The Court dismisses on other grounds, but cautions Plaintiff that if Wells Fargo has in fact corrected these violations, the Court would expect this to be reflected in any subsequent amendments to the complaint.

[8] *See Martin v. Wells Fargo Bank*, 91 Cal. App. 4th 489 (2001) (pre-dating HBOR by 11 years,

district have assumed a plaintiff fulfills the principal residency requirement if the plaintiff lived at the property in question at the time she filed her complaint. *See, e.g., Masson v. Selene Fin. LP*, No. 12-05335 SC, 2013 WL 271256, at *3 (N.D. Cal. Jan. 24, 2013) (dismissing because plaintiff "does not *currently* live at the [p]roperty," so "the [p]roperty could hardly be considered owner-occupied or a principal residence") (emphasis added).

More recently, two courts of this district examined whether there is evidence that the plaintiff lived in the property at issue at the time the defendant allegedly violated HBOR. In *Gilmore v. Wells Fargo Bank*, Judge Wilken granted the defendant's motion for summary judgment because the plaintiff's "[f]ailure to establish owner-occupancy *at the time of the alleged violation* is fatal to an HBOR violation." No. C 14-2389 CW, 2015 U.S. Dist. LEXIS 154054, *8 (N.D. Cal. Nov. 13, 2015) (emphasis added). Because the evidence showed "that no one was living in the home *on the date of the alleged violation*," the plaintiff's HBOR claim was rejected. *Id*. at *10 (emphasis added). Similarly, Judge White found evidence of principal residency sufficient where the plaintiff lived at the property at the time of the loan modification application. *Greene v. Wells Fargo Bank, N.A.*, No. 15-CV-00048-JSW, 2016 WL 360756 at *2-3 (N.D. Cal. Jan. 28, 2016) ("*Greene II*").

As Judge White noted in *Greene II*, HBOR is "silent" on when a borrower must be a principal resident. *Id*. at 2. The approach adopted by Judges Wilken and White makes the most sense. First, requiring a plaintiff to use the property as a principal residence at the time of the alleged violation provides a degree of certainty to mortgage servicers. If residency is calculated from the time of violation, a mortgage servicer can confirm that a borrower resides at the property before foreclosing, and therefore comply with the statute when foreclosing. If residency is instead calculated according to the time of filing, a mortgage servicer could be held liable on the basis of a borrower's post-hoc housing decision. Second, asking where the plaintiff lived when HBOR was

---

and noting courts look to parties' intent when entering into a contract); *Aspen Skiing Co. v. Cherrett* (*In re Cherrett*), 523 B.R. 660, 668-669 (B.A.P. 9th Cir. 2014) (discussing bankruptcy; noting that the character of consumer debt is determined according to its character when the debt it incurred); *A & S Inv., LLC v. Wank* (*In re Wank*), 2015 Bankr. LEXIS 1650, *12-13 (Bankr. C.D. Cal. May 14, 2015) (same).

13

violated prevents gamesmanship. If courts look at where the borrower lives when filing, an unscrupulous property owner could claim HBOR's protections by moving into a property after the foreclosure process has started, thus forcing a mortgage servicer into a violation after it is too late for the mortgage servicer to change course. *Cf. Rufini v. CitiMortgage, Inc.*, 227 Cal. App. 4th 299, 302, 306-07 (2014) (under Home Affordable Modification Program, plaintiff was likely not eligible for relief because he "was renting out his home at the time" that he sought the loan modification). Accordingly, Plaintiff must plead facts demonstrating she lived at El Granada at the time of Wells Fargo's alleged violations.

As stated above, Plaintiff pleads only that El Granada was her principal residence "at all times relevant herein." ¶¶ 1, 9, 37.[9] This is insufficient to establish when, precisely, El Granada was her principal residence. Moreover, Wells Fargo has introduced evidence suggesting Plaintiff lived in Connecticut for most of the time that has elapsed since she took out the loan. *See* Ex. J at 72-74 (in 2009, Plaintiff represented to the bankruptcy court that she lived in Connecticut, and had been domiciled there for at least six months); Ex. I at 41 (bankruptcy docket lists Plaintiff's address as being in Connecticut, and has no notices changing her address between September 2009 and April 2014); Ex. F at 29, 25 (2007 Deed of Trust shows that Plaintiff did not check the box stating El Granada was her principal residence, and shows Plaintiff was in Connecticut when entering into the Loan). While the Court, as it must, "draw[s] all reasonable inferences in favor of the nonmoving party," *Doan*, 617 F. App'x at 685, the deficiency in Plaintiff's allegations is pushing the bounds of reasonableness.

Plaintiff's allegation that El Granada was her principal residence "at all times relevant" are too conclusory. *Twombly*, 550 U.S. at 555. Plaintiff must instead plead specific *facts* that show *when* she lived at El Granada, and that show it was her principal residence at the time Wells Fargo is alleged to have violated HBOR.[10]

---

[9] At the hearing, the Court asked Plaintiff's counsel to explain what these "relevant" "times" were. Counsel was unable to do so.

[10] As the Court previously cautioned Plaintiff and her counsel, *see* Order at 1, these factual allegations must comport with their Rule 11 obligations. If Wells Fargo puts forth forward facts that show Plaintiff or her counsel have been less that truthful despite these two warnings, the

14

F.  Future Amendment

This is the second time the Court has had to adopt a "wait and see" approach as to Plaintiff's claims for damages.  *See* Order at 3.  In the interests of judicial efficiency, the Court intends to avoid further rounds of briefing that depend on facts which may or may not change while the parties' motions are pending.  So, while Plaintiff may amend the claims identified herein, Plaintiff shall do so only after her loan modification application is finally resolved by Wells Fargo, whether this resolution takes the form of an approval or a denial and trustee's sale.  Plaintiff may also amend if a trustee's sale is completed.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's claims are dismissed as follows:

1. Claims I, II, and IV are dismissed with prejudice to the extent Plaintiff seeks injunctive relief.  The dismissal is with leave to amend to the extent Plaintiff seeks damages.
2. Claim III, V, and VI are dismissed with leave to amend to the extent Plaintiff seeks damages.

Plaintiff may amend her claims to the extent she seeks monetary relief, but shall do so only after some resolution is achieved on her loan modification application or if a trustee's sale occurs.  When such event occurs, the parties shall file a stipulation with this Court, either agreeing to the due date of Plaintiff's amended complaint or dismissing this action.  Furthermore, any allegation regarding Plaintiff's principal place of residence must be specific and alleged in compliance with Rule 11.

This order disposes of Docket Nos. 26 and 27.

**IT IS SO ORDERED**.

Dated:  May 16, 2016

_____
EDWARD M. CHEN
United States District Judge

Court will have no qualms about imposing sanctions.